Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
(973) 622-3333

Edgar H. Haug (ehaug@haugpartners.com)
Michael Barer (mbarer@haugpartners.com)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| The Grand At Diamond Beach Condominium Association, Inc., | |
| *Plaintiff*, | Civil Case No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| 4500 Atlantic Corp. and Paul Chiolo, | |
| *Defendants*. | |

**COMPLAINT**

Plaintiff, The Grand At Diamond Beach Condominium Association, Inc. ("Plaintiff"), by its undersigned attorneys, for its Complaint against 4500 Atlantic Corp. ("4500 Atlantic") and Paul Chiolo ("Chiolo") (collectively, the "Defendants"), herein alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this civil action for common law trademark infringement, infringement of unregistered marks pursuant to 15 U.S.C. § 1125(a), false association under 15 U.S.C. § 1125(a), unfair competition under 15 U.S.C. § 1125(a), unfair competition pursuant to

1

N.J.S.A. 56:4-1 and New Jersey common law, and cancellation of Defendant 4500 Atlantic's trademark registrations pursuant to 15 U.S.C. § 1119.

## THE PARTIES

2. The Grand At Diamond Beach Condominium Association, Inc. is a corporation organized and incorporated under the laws of the state of New Jersey, with its principal place of business located at 9601 Atlantic Avenue, Diamond Beach, New Jersey 08260.

3. Plaintiff offers services under its THE GRAND AT DIAMOND BEACH mark, and variations thereof, throughout the United States, including in New Jersey.

4. 4500 Atlantic Corp. is a corporation organized and incorporated under the laws of the state of New Jersey, with its principal place of business located at 5406 New Jersey Avenue, Wildwood Crest, New Jersey 08260.

5. Upon information and belief, Defendant, Paul Chiolo ("Chiolo"), is a resident of the state of New Jersey and maintains a place of business at 5501 New Jersey Avenue, Wildwood Crest, New Jersey 08260.

6. Chiolo owns and is the sole shareholder of 4500 Atlantic.

7. Chiolo is personally liable and responsible for the wrongful acts of 4500 Atlantic for any of the following reasons:

a) Chiolo is the only director, officer and shareholder of 4500 Atlantic;

b) Chiolo has personally and directly participated in all of the wrongful acts hereinafter set forth;

c) Chiolo has personally and actively directed the activities of 4500 Atlantic and has personally directed other employees or agents of 4500 Atlantic and/or their own employees and agents to commit the wrongful acts hereinafter set forth;

      d) Chiolo has personally and directly controlled the operation of 4500 Atlantic as an instrument to carry out wrongful acts as hereinafter set forth;

      e) Chiolo is behind the management and operation of 4500 Atlantic and has personally guided 4500 Atlantic in the wrongful acts hereinafter set forth;

      f) Chiolo has personally and conjointly transacted business in the name of 4500 Atlantic; and

      g) Chiolo has been aware of the rights of Plaintiff but, notwithstanding such knowledge, has conjointly and through 4500 Atlantic, committed the wrongful acts hereinafter set forth.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

9. Defendants are located in, and regularly transact business in New Jersey. Defendants' tortious acts that are the subject of the present suit have been, and continue to be, committed in New Jersey. Further, upon information and belief, Chiolo controls and directs the actions of 4500 Atlantic in New Jersey, and Chiolo's wrongful acts described herein took place in New Jersey. Accordingly, this Court has personal jurisdiction.

10. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district, and upon information and belief, both Defendants are located in this district.

## FACTS COMMON TO ALL COUNTS

A. **Plaintiff's THE GRAND AT DIAMOND BEACH Trademarks**

11. Plaintiff is the condominium association of the luxury condominium development located at 9601 Atlantic Avenue, Wildwood, New Jersey 08260, known as The Grand at Diamond Beach ("The Grand").

12. Plaintiff is the owner of THE GRAND AT DIAMOND BEACH marks (the "GRAND Marks"), and pending trademark applications for same, as set forth in the below chart:

| Mark | Serial No. | Filing Date | Goods/Services |
|---|---|---|---|
| THE GRAND AT DIAMOND BEACH | Serial No. 90/571,476 | Mar. 10, 2021 | **Cl. 35:** Homeowner association services, namely, promoting the interests of homeowners in a specific community and marketing the community nationwide to prospective new residents and property owners<br><br>**Cl. 36:** Real estate management; Real estate services, namely, property management services for condominium associations, homeowner associations and apartment buildings; Real estate services, namely, managing condominiums and providing access to amenities for homeowners |
| *the* GRAND AT DIAMOND BEACH | Serial No. 90/571,497 | Mar. 10, 2021 | **Cl. 35:** Homeowner association services, namely, promoting the interests of homeowners in a specific community and marketing the community nationwide to prospective new residents and property owners<br><br>**Cl. 36:** Real estate management; Real estate services, namely, property management services for condominium associations, homeowner associations and apartment buildings; Real estate services, namely, managing condominiums and providing access to amenities for homeowners |

4

13. Plaintiff uses the GRAND Marks in connection with homeowner association services, real estate management, real estate services including property management services and condominium management, and related services.

14. Plaintiff's GRAND Marks have been used continuously in the United States in connection with Plaintiff's services since prior to any priority date possibly claimed by Defendants.

15. Plaintiff has achieved considerable goodwill in the United States in connection with the GRAND Marks through its continuous offering of the above listed services to consumers.

16. Indeed, The Grand is widely known for its world class beachfront, amenities and location. Such reputation is associated with Plaintiff's GRAND Marks.

17. In addition to providing high quality condominiums, The Grand also offers rentals to consumers who travel throughout the Unites States to vacation at The Grand.

18. The luxury property at The Grand has been covered in varied well-known national publications such as *The New York Times*, among others.

19. Plaintiff's services offered in connection with the GRAND Marks have been extensively and continuously offered to the public through various channels of trade.

20. As a result of Plaintiff's offerings and use of the GRAND Marks, consumers in the United States have come to recognize that the GRAND Marks point uniquely to Plaintiff and are associated with the high quality of Plaintiff's services.

**B.     Defendants' Infringing Actions**

21. Defendants offer real estate brokerage services.

22. Defendants have actual knowledge of Plaintiff, and Plaintiff's GRAND Marks.

23. Indeed, Defendants have acted as a real estate broker for condominiums and/or rentals in connection with The Grand.

24. Despite having actual knowledge of Plaintiff's GRAND Marks, on June 12, 2018, Defendant 4500 Atlantic, at Defendant Chiolo's direction, filed Application Serial Nos. 87/958,831, 87/958,856, 87/958,876 and 87/958,924 (the "Infringing Applications") with the United States Patent and Trademark Office for identical and/or nearly identical THE GRAND AT DIAMOND BEACH, THE GRAND AT DIAMOND BEACH (and design), EXPERIENCE THE GRAND AT DIAMOND BEACH, and EXPERIENCE THE GRAND AT DIAMOND BEACH (and design) marks (the "Infringing Marks").

25. On February 19, 2019, Defendant 4500's Infringing Applications subsequently matured into the following registrations (the "Infringing Registrations"):

| Mark | Serial / Reg. No. | Goods/Services |
|---|---|---|
| THE GRAND AT DIAMOND BEACH | Serial No. 87/958,856<br>Reg. No. 5,678,818 | **Cl. 36**: Real estate brokerage and agency services |
| *the* GRAND AT DIAMOND BEACH | Serial No. 87/958,831<br>Reg. No. 5,678,817 | **Cl. 36**: Real estate brokerage and agency services |
| EXPERIENCE THE GRAND AT DIAMOND BEACH | Serial No. 87/958,876<br>Reg. No. 5,678,820 | **Cl. 36**: Rental of real estate |
| EXPERIENCE THE GRAND AT DIAMOND BEACH | Serial No. 87/958,924<br>Reg. No. 5,678,822 | **Cl. 36**: Rental of real estate |

26. Neither Defendant 4500 Atlantic nor Defendant Chiolo had permission or authorization from Plaintiff to file trademark applications for the Infringing Marks.

27. Neither Defendant 4500 Atlantic nor Defendant Chiolo owned any rights in the Infringing Marks prior to the filing of the above applications.

28. As such, the above registrations are void and confer no valid rights upon Defendants.

29. Plaintiff has been using and has rights to its GRAND Marks since before the filing dates of the Infringing Applications and before Defendants.

30. Plaintiff's GRAND Marks have priority over the Infringing Registrations.

31. The Infringing Marks are identical and/or nearly identical to Plaintiff's GRAND Marks in that all of the marks contain the identical phrase "The Grand At Diamond Beach".

32. Defendants' use of the Infringing Marks is further likely to cause confusion in view of the fact that the Infringing Registrations cover services relating to real estate rental and brokerage services.

33. The services listed in the Infringing Registrations are likely to originate from the same source as the services of Plaintiff and the services offered in connection with Plaintiff's GRAND Marks.

34. Consumers will be likely to be confused into the mistaken belief that the services of Defendant 4500 Atlantic originate from or are affiliated with Plaintiff.

35. Defendants intentionally adopted branding, which encompasses the GRAND Marks, as well as other confusingly similar branding and imagery, in a brazen attempt to confuse and to deceive consumers and to trade off of the goodwill of Plaintiff.

36. Indeed, Defendants operate the domain www.experiencethegrand.com (in addition to other similarly named domains), which is intended to draw consumer traffic away from Plaintiff's legitimate www.thegrandatdiamondbeach.com.

37. On www.experiencethegrand.com, Defendants further use the same imagery as Plaintiff, in a deliberate attempt to confuse consumers as to the source of their real estate services, as shown below:



| Defendants' Infringing Use | Plaintiff's GRAND Mark |
|---|---|
| | |

38. Consumers who view Defendants' real estate services, offered in connection with the Infringing Marks, are likely to believe those services originate from Plaintiff.

39. Defendants' adoption of its nearly identical Infringing Marks is further intended to draw a false connection between the Infringing Marks and Plaintiff, and to misrepresent that Plaintiff is the source of Defendant 4500 Atlantic's services, when it is not.

40. In reality, Defendants have no connection to Plaintiff, and are not authorized to use the Infringing Marks.

41. Defendants' use of the Infringing Marks is wrongfully causing consumers to presume a connection between Plaintiff and Defendants when no such connection exists.

42. Defendants merely brokered the sale or rental of certain condominium units at The Grand property, which is owned by Plaintiff.

43. Brokering the sale or sale or rental of certain condominium units at The Grand property does not convey any trademark rights to Defendants.

44. Defendants were well aware at the time of filing the Infringing Applications that Defendant 4500 Atlantic was not the rightful owner of the Infringing Marks, and nevertheless proceeded with filing the Infringing Applications.

45. Defendants' unauthorized use of the Infringing Marks has damaged and continues to damage the goodwill Plaintiff accrued under its GRAND Marks.

8

46. Consumers have actually been confused as a result of Defendants' conduct, and will continue to be confused by such conduct unless enjoined.

47. Defendants intentionally adopted the Infringing Marks with full knowledge of Plaintiff's prior rights in the GRAND Marks, and Defendants' continued infringing activities are an intentional effort to usurp the goodwill inherent in the marks.

48. Defendants' Infringing Marks are identical or highly similar to Plaintiff's GRAND marks.

49. Defendants 4500 Atlantic and Chiolo are attempting to capitalize on the valuable goodwill of the GRAND Marks for their own commercial gain, to defraud the public and the United States Patent and Trademark Office by impersonating Plaintiff, and tarnish the distinctive GRAND Marks in the process.

## COUNT 1
**(Trademark Infringement Under New Jersey Common Law)**

50. Plaintiff has rights to the GRAND Marks dating prior to Defendants.

51. Defendants' unauthorized use of the GRAND Marks is likely to cause confusion, to cause mistake, and to deceive people into believing that Defendants' services are authorized by, related to, or associated with Plaintiff, when they are not. Accordingly, Defendants' unauthorized use constitutes infringement of Plaintiff's common law the GRAND Marks.

52. By reason of Defendants' wrongful acts aforementioned, Plaintiff has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

53. Defendants' wrongful acts aforementioned are willful, wanton, and in utter disregard of Plaintiff's rights.

54. Plaintiff has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

## COUNT 2
### (Infringement of Unregistered Marks Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

55. Plaintiff has rights to the GRAND Marks dating prior to Defendants.

56. Defendants' unauthorized use of the GRAND Marks is likely to cause confusion, to cause mistake, and to deceive people into believing that Defendants' services are authorized by, related to, or associated with Plaintiff, when they are not. Accordingly, Defendants' unauthorized use constitutes infringement of Plaintiff's common law the GRAND Marks.

57. By reason of Defendants' wrongful acts aforementioned, Plaintiff has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

58. Defendants' wrongful acts aforementioned are willful, wanton, and in utter disregard of Plaintiff's rights.

59. Plaintiff has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

## COUNT 3
### (False Association Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

60. Plaintiff has rights to the GRAND Marks dating prior to Defendants in connection with homeowner association services, real estate management, real estate services including property management services and condominium management, and related services.

61. Defendants' Infringing Marks are identical or highly similar to the GRAND Marks and used in connection with highly similar services.

62. Further, upon information and belief, at the direction of Defendant Chiolo, Defendant 4500 Atlantic filed the applications for the Infringing Registrations.

63. The services of the Infringing Registrations are highly similar to the services of Plaintiff and the services Plaintiff offers in connection with the GRAND Marks.

64. Upon information and belief, Defendants are wrongfully using the Infringing Marks to profit from consumers' confusion and to capitalize on the goodwill generated by Plaintiff's GRAND Marks.

65. Indeed, the GRAND Marks point uniquely and unmistakably to Plaintiff.

66. It is unlikely that any consumer would engage in a thorough investigation to uncover the true source of Defendants' services.

67. Defendants do not have authorization to use the Infringing Marks, and are not connected to Plaintiff.

68. The reputation of Plaintiff is such that, when the Infringing Marks are used by Defendants, consumers assume a connection with Plaintiff.

69. The foregoing acts of Defendants constitute a willful violation of Section 43(a) of the Lanham Act.

## COUNT 4
### (Unfair Competition Under 15 U.S.C. § 1125(a))

70. Defendants' unauthorized use of the GRAND Marks is likely to cause confusion, to cause mistake, and to deceive people into believing that Defendants' services are authorized by, related to, or associated with Plaintiff, when they are not. Therefore, Defendants' unauthorized use constitutes unfair trade practices, inequitable conduct, and unfair competition.

71. By reason of Defendants' wrongful acts aforementioned, Plaintiff has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

72. Defendants' wrongful acts aforementioned are willful, wanton, and in utter disregard of Plaintiff's rights.

73. Plaintiff has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue. Plaintiff is thus entitled to both preliminary and permanent injunctive relief.

74. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proved at trial.

## COUNT 5
**(Unfair Competition Under New Jersey Common Law)**

75. Defendants' unauthorized use of the GRAND Marks is likely to cause confusion, to cause mistake, and to deceive people into believing that Defendants' services are authorized by, related to, or associated with Plaintiff, when they are not. Therefore, Defendants' unauthorized use constitutes unfair trade practices, inequitable conduct, and unfair competition.

76. By reason of Defendants' wrongful acts aforementioned, Plaintiff has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

77. Defendants' wrongful acts aforementioned are willful, wanton, and in utter disregard of Plaintiff's rights.

78. Plaintiff has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue. Plaintiff is thus entitled to both preliminary and permanent injunctive relief.

79. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proved at trial.

## COUNT 6
**(NJ Statutory Unfair Competition Under N.J.S.A. 56:4-1)**

80. Defendants' unauthorized use of the GRAND Marks is likely to cause confusion, to cause mistake, and to deceive people into believing that Defendants' services are authorized by, related to, or associated with Plaintiff, when they are not. Therefore, Defendants' unauthorized use constitutes unfair competition pursuant to N.J.S.A. 56:4-1.

81. By reason of Defendants' wrongful acts aforementioned, Plaintiff has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

82. Defendants' wrongful acts aforementioned are willful, wanton, and in utter disregard of Plaintiff's rights.

83. Plaintiff has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue. Plaintiff is thus entitled to both preliminary and permanent injunctive relief.

84. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proved at trial.

## COUNT 7
**(Cancellation of Registration Under the Lanham Act, 15 U.S.C. § 1119)**

85. Only the owner of a mark may file an application for registration with the United States Patent and Trademark Office.

86. If the entity or person filing the application is not the owner of the mark as of the filing date, the application is void *ab initio*.

87. Defendants never owned the Infringing Marks, did not own the Infringing Marks as of the date of filing, and still do not own the Infringing Marks today.

88. Defendants merely brokered the sale or rental of certain condominium units at The Grand property, which is owned by Plaintiff.

89. Brokering the sale or sale or rental of certain condominium units at The Grand property does not convey any trademark rights to Defendants.

90. Accordingly, the Infringing Registrations are void and should be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment and declaration that Defendants have infringed Plaintiff's GRAND Marks, under common law and pursuant to 15 U.S.C. § 1125(a), engaged in false association under 15 U.S.C. § 1125(a), engaged in unfair competition under 15 U.S.C. § 1125(a), N.J.S.A. 56:4-1, and New Jersey common law, that Defendants are not the rightful owners of the marks of the Infringing Registrations, and Plaintiff is the sole and exclusive owner of the GRAND Marks;

B. A preliminary and permanent injunction enjoining and restraining Defendants, their officers, agents, servants, employees, assigns, attorneys, and those in active concert or participation therewith, from infringing, in any manner, Plaintiff's GRAND Marks, from infringing Plaintiff's trademark rights and from engaging in acts of unfair competition against Plaintiff;

C. An order pursuant to 15 U.S.C. § 1119 cancelling Registration Nos. 5,678,818, 5,678,817, 5,678,820, and 5,678,822;

D. An order requiring Defendants to assign to Plaintiff any website domain likely to be confused with Plaintiff's GRAND Marks, including but not limited to, www.experiencethegrand.com;

E. An accounting to Plaintiff for all sales, receipts, assets, profits or other gains derived directly or indirectly from Defendants' unlawful activity;

F. An award of such damages as Plaintiff has sustained, is sustaining, or will sustain by reason of Defendants' unlawful activity;

G. An award of punitive and exemplary damages in an amount to be determined;

H. An award of treble damages and an award of Defendants' profits under 15 U.S.C. § 1117;

I. An award of attorneys' fees under 15 U.S.C. § 1117 and related nontaxable expenses;

J. An award of pre- and post-judgment interest;

K. Taxable costs under 28 U.S.C. § 1920; and

L. Other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Dated: October 14, 2024          Respectfully submitted,

/s Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
(973) 622-3333

Edgar H. Haug (ehaug@haugpartners.com)
Michael Barer (mbarer@haugpartners.com)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
*Attorneys for Plaintiff*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned counsel hereby certifies that this matter in controversy is related to Cancellation No. 92076737 before the United States Patent and Trademark Office, and is the subject of no other matter pending in any Court or tribunal.

Dated: October 14, 2024     Respectfully submitted,

/s Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
(973) 622-3333

Edgar H. Haug (ehaug@haugpartners.com)
Michael Barer (mbarer@haugpartners.com)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
*Attorneys for Plaintiff*

**LOCAL CIVIL RULE 201.1 CERTIFICATION**

Under Local Civil Rule 201.1, the undersigned counsel hereby certifies that the parties in this action seek injunctive and declaratory relief and money damages in excess of $150,000, and therefore this action is not appropriate for compulsory arbitration.

Dated: October 14, 2024                Respectfully submitted,

/s Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
(973) 622-3333

Edgar H. Haug (ehaug@haugpartners.com)
Michael Barer (mbarer@haugpartners.com)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
*Attorneys for Plaintiff*